UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 12-1188-KHV

$46,000.25 IN UNITED STATES
CURRENCY, more or less,

    Defendant.

# ORDER

This matter comes before the court on the motion of plaintiff, United States of America, to move the court to enter an order designating the location of claimant Santae Chang's deposition **(doc. 44)**. Specifically, plaintiff requests the court order the claimant's deposition on September 19, 2013, be held at the United States Attorney's Office in Wichita, Kansas. For the reasons discussed below, plaintiff's motion is granted.

The complaint for forfeiture in rem (doc. 1) alleges the defendant currency was seized on April 25, 2012 in Russell County, Kansas during a traffic stop conducted by deputies of the Kansas Highway Patrol. The claimant filed an answer (doc. 14) and a claim (doc. 12) stating that he is entitled to the return of the $46,000.25 in seized currency because he is the innocent owner of the funds. Neither party has cited any binding case law interpreting the designation of a claimant's deposition in a civil forfeiture action. However, plaintiff has relied upon cases outside the District of Kansas addressing this precise issue, which the court views as persuasive authority.

"A district court has wide discretion to establish the time and place of depositions."[1] The defendant currency was seized in this district. The claimant filed an answer and a claim, subjecting himself to the jurisdiction of this court. Additionally, the money remains on deposit in this district. Given those facts, the court concludes that it is foreseeable that claimant would need to return to this district to participate in this case. Special circumstances exist in this case to justify that claimant's deposition take place in Wichita, Kansas.

In addition, the court concludes that a deposition by telephone or video conference is not appropriate because it would be prejudicial to plaintiff's case. This is primarily because plaintiff will use claimant's deposition to examine his credibility. To do this, plaintiff needs an in-person opportunity to observe claimant's demeanor, ask follow-up questions, and confront him with prior inconsistent statements he has made. Due to these reasons, an in-person deposition is necessary.

Unless claimant files a response to this order by **September 16, 2013**, specifically citing case law contrary to that cited in plaintiff's motion, claimant shall attend the deposition on September 19, 2013 at 9:00 a.m. in person at the United States Attorney's Office, 301 N. Main Street, Suite 1200, Wichita, Kansas 67202 and bear his own expenses and costs associated with his attendance.

IT IS THEREFORED ORDERED that plaintiff's motion for order designating location of claimant's deposition **(doc. 44)** is granted.

Dated September 10, 2013 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[1] *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)).