**IN THE UNITED STATES COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Civil Case No. 12-1188-KHV** |
| | ) |
| **$46,000.25 IN UNITED STATES CURRENCY,** | ) |
| **more or less,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This is a civil forfeiture action which arises from the seizure of $46,000.25 in United States

currency on April 25, 2012, at milepost 189 on I-70 in Russell County, Kansas.  On May 22, 2012,

the government filed a civil complaint against the defendant property, alleging that the money

constitutes drug proceeds and is forfeitable under 21 U.S.C. § 881(a)(6).  Claimant Sangtae Chang

contends that he lawfully obtained the currency and that it is not subject to forfeiture.  This matter

comes before the Court on the United States' Motion For Summary Judgment (Doc. #52) filed

November 1, 2013.  For reasons set forth below, the Court finds that the motion should be sustained.

### Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535,

1538-39 (10th Cir. 1993).  A "genuine" factual dispute is one on which the jury could reasonably

find for the nonmoving party, and requires more than a mere scintilla of evidence.  Liberty Lobby,

477 U.S. at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on the pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir.1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250–51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52.

Here, claimant has not filed a timely response, and plaintiff's motion is therefore unopposed. Under D. Kan. Rule 7.4(b), a party who fails to file a responsive brief or memorandum within the time specified waives the right to later do so, and the Court will consider and decide the motion as uncontested. Ordinarily, the Court will grant the motion without further notice. Id. A party's

failure to respond to a summary judgment motion, however, is not by itself a sufficient basis on which to enter judgment. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Rather, the Court must determine whether judgment for the moving party is appropriate under Fed. R. Civ. P. 56. Id. The Court therefore accepts as true all material facts asserted and properly supported in the summary judgment motion. Id.; see Ellibee v. Hazlett, No. 03-3023-JAR, 2006 WL 3050801, at *2 (D. Kan. Oct. 23, 2006) (pro se litigants governed by same procedural rules as other litigants; on summary judgment, court accepts as true facts which pro se litigant does not controvert). Because claimant proceeds pro se, the Court has diligently searched the record to determine whether genuine issues of material fact preclude summary judgment. See Jackson v. Yellow Logistics, Inc., 24 F.Supp. 2d 1206, 1209 (D. Kan. 1998).

## Facts

The following facts are uncontroverted.

On April 25, 2012, Kansas Highway Patrol Trooper Jerrad Goheen stopped a 2011 Dodge passenger car for a traffic violation on I-70 near milepost 189 in Russell County, Kansas. Trooper Goheen made contact with the driver, Sangtae Chang, the sole occupant. Chang gave Trooper Goheen a Tennessee driver's license and rental paperwork for the car. Trooper Goheen gave Chang a traffic citation and returned his license and rental documents. Chang said that he was driving to attend a fence building convention and gamble with friends in Reno, Nevada. Chang stated that he was carrying about $45,000 in the car. He said that he had borrowed the money from a bank so that he could gamble. Chang gave Trooper Goheen consent to search the car.

When Chang got out of the car, he had a cardboard box in his hand. Trooper Goheen opened the box and saw a small amount of marijuana. Trooper Goheen then opened a duffle bag from the rear seat of the car. The duffle bag contained a bank bag wrapped in clear cellophane. Inside the

3

bank bag were 11 bundles of cash, totaling $46,000.[1]  The packaging of the money was consistent with drug trafficking.  Trooper Goheen seized the currency and transported Chang to the Kansas Highway Patrol Troop D Headquarters in Hays, Kansas.

At Troop D Headquarters, Trooper Scott Walker deployed his certified narcotics detection dog, Hook, to perform a pre-sniff around a storage room.  Hook did not alert, and Trooper Walker took Hook to a vehicle while Trooper Goheen placed the seized currency behind some tables in the storage room.  Trooper Walker then brought Hook back to the storage room, where Hook alerted to the odor of controlled substances coming from where Trooper Goheen had placed the currency.

Task Force Officer John Rule interviewed Chang, who waived his Miranda rights.  Chang told Officer Rule that he had lied to Trooper Goheen about going to a fence building conference.  He said that about six weeks earlier, he had borrowed $60,000 from the Citizens State Bank in Gallatin, Tennessee to purchase a store, but that he had spent $15,000 of the money to buy a jet ski and vehicle.[2]  He said he had also used some of the loan to pay off bills.  Chang said that approximately $35,000 of the cash seized came from the loan and the rest was profit from selling fireworks.  He also told Officer Rule that he owned a fence building company in Tennessee and had earned about $60,000 in 2011.

On his United States income tax returns for the past four years, Chang reported adjusted gross income of $4,443 in 2012; $7,391 in 2011; $8,180 in 2010 and $2,760 in 2009.

On July 21, 2012, law enforcement officers in Missouri arrested Chang during a traffic stop. They found a bag of cocaine on his person and marijuana in his truck.  Chang waived his Miranda

---

[1]     At his deposition, Chang said that he had placed the plastic wrapping on the bank bag to discourage burglars and prevent the money from flying around if he were in a wreck.

[2]     At his deposition, Chang testified that he had been unable to make the $1,200 monthly payments on the loan and that the property he had used as collateral had been repossessed to satisfy the loan.

rights and told Patrolman Philip Holmes of the Police Department of St. Peters, Missouri that he had found the cocaine on the bathroom floor of a gas station and placed it in his sock.[3] Holmes and other officers seized $15,900 in cash from Chang, who told them that his wife had borrowed the money to buy a camper. Chang is currently on release on bond in the Missouri case.

In 2003, Chang was released after spending six years in Tennessee state prison for marijuana and cocaine possession. That same year, he was convicted for possession of cocaine and marijuana for which he is currently serving a 16-year term of probation.

### Analysis

The government bears the burden of proof to establish by a preponderance of the evidence that the currency is properly subject to forfeiture. 18 U.S.C. § 983(c)(1). To meet its burden, the government may use evidence gathered after the filing of a complaint for forfeiture. 18 U.S.C. § 983(c)(2). The Court must consider the totality of the evidence as a whole in the appropriate context. United States v. $252,300.00 in U.S. Currency, 484 F.3d 1271, 1274 (10th Cir. 2007). The question is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. United States v. $21,055.00 in U.S. Currency, 778 F. Supp. 2d 1099, 1103 (D. Kan. 2011).

21 U.S.C. § 881(a)(6) provides for forfeiture as follows:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them: . . . All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). Here, the government asserts that the defendant currency is the proceeds of

---

[3]    At his deposition, Chang said that before the 2012 stop in Missouri, his companion had found the cocaine in a gas station and placed it in Chang's sock when Patrolman Holmes stopped their vehicle.

drug trafficking. Therefore, the government need only trace the currency to drug trafficking generally, not to a specific transaction. United States v. $118,170.00 in U.S. Currency, 69 Fed. App'x 714, 717 n.1 (6th Cir. 2003) (government must show "substantial connection" to specific offense if seeking forfeiture of "facilitating" property or property "involved in" crime, but not when seeking forfeiture of property "traceable to" crime).

The usual evidence in a currency seizure case is a dog sniff, a quantity of currency, an unusual manner of packaging and the claimant's implausible story, which is together sufficient to meet the government's preponderance standard. $21,055.00 in U.S. Currency, 778 F. Supp. 2d at 1104 (quoting United States v. $42,500.00 in U.S. Currency, 283 F.3d 977, 984 n. 1 (9 Cir. 2002) (dictum); see United States v. $117,920.00 in U.S. Currency, 413 F.3d 826, 829 (8th Cir. 2005) (large quantity of currency, manner of packaging, false statements and positive dog sniff sufficient).

Based on the uncontroverted facts set forth above, the Court finds as a matter of law that plaintiff has met its burden to show by a preponderance of the evidence that the currency is traceable to drug trafficking and therefore subject to forfeiture. First, the currency was packaged in a manner consistent with drug proceeds. United States v. $252,300.00 in U.S. Currency, 484 F.3d 1271, 1275 (10th Cir. 2007) (wrapping in cellophane of significant probative value); United States v. $ 84,615 in U.S. Currency, 379 F.3d 496, 502 (8th Cir. 2004)(money concealed in vacuum sealed bags described as "common ploy to mask odors"); United States v. $64,895.00 in U.S. Currency, No. 10-1434-RDR, 2013 WL 2406095, at *3 (D. Kan. May 31, 2013) (citing cases involving money wrapped in cellophane or plastic). Second, courts have found that possession of currency in amounts far less than $46,900 is "strong evidence that the money was furnished or intended to be furnished in return for drugs." See United States v. $13,000.00 in U.S. Currency, 858 F.Supp. 2d 1194, 1199 (D. Colo. 2012); $21,055.00 in U.S. Currency, 778 F.Supp. 2d at 1105. Third, a drug dog alerted

6

to the currency, which suggests that the money contained traces of drugs. See United States v. $21,055.00, 778 F.Supp. 2d at 1105 (properly trained drug dog alert to currency entitled to probative weight). Fourth, Chang provided inconsistent explanations regarding the source of the cash. Fifth, the information on his tax returns is completely inconsistent with a finding that Chang accumulated the currency by legitimate means. Id.; see also United States v. $52,000.00, More or Less, in U.S. Currency, 508 F.Supp. 2d 1036, 1042 (S.D. Ala. 2007) (absence of apparent, verifiable or legitimate source of substantial income probative evidence of substantial connection to illegal activity). Sixth, three months after the stop in this case, Missouri law enforcement officers seized cocaine and marijuana and a large amount of cash from Chang during a traffic stop. That case, along with Chang's previous drug convictions, supports a finding that the money in this case was related to illegal drug activity. See United States v. $22,474.00 in U.S. Currency, 246 F.3d 1212, 1217 (9th Cir. 2001).

Taken together, these facts establish by a preponderance of the evidence that the currency is traceable to drug trafficking and therefore forfeitable under 21 U.S.C. § 881(a)(6). See United States v. $117,920.00 in U.S. Currency, 413 F.3d 826, 829 (8th Cir. 2005) (quantity of currency, manner of packaging, false statements and dog sniff sufficient to establish substantial connection to drug trafficking by preponderance of evidence); United States v. $22,991.00, More or Less, in U.S. Currency, 227 F. Supp. 2d 1220, 1232-35 (S.D. Ala. 2002) (dog sniff, quantity of currency, history of drug user/dealer and presence of drugs in car sufficient to establish forfeitability by preponderance of evidence).

**IT IS THEREFORE ORDERED** that the <u>United States' Motion For Summary Judgment</u>

(Doc. #52) filed November 1, 2013 be and hereby is **SUSTAINED**.

Dated this 17th day of December, 2013 at Kansas City, Kansas.

<u>s/Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge